IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-811 |
| | ) | |
| JOHN ZARRA, MARSHA ZARRA | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| J.P. MORGAN CHASE & CO., | ) | |
| CITIZENS FINANCIAL | ) | |
| GROUP, INC. | ) | |
| | ) | |
| Third Party | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

CONTI, District Judge.

### INTRODUCTION

The essence of this case is a failure to pay federal income tax. Pending before the court is a joint motion to dismiss (ECF No. 49) the third party complaint filed by third party defendants J.P. Morgan Chase & Co. ("JPMC") and Citizens Financial Group, Inc. ("Citizens," together with JPMC, "third party defendants") on April 4, 2011, pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure. In the third party complaint (ECF No. 34), defendants John and Marsha Zarra ("Zarras") asserted claims against third party defendants for (1) contribution; (2) indemnification; and (3) sole and direct liability to the Internal Revenue Service

("IRS") pursuant to the Pennsylvania Uniform Commercial Code ("UCC"), 13 PA. CONS. STAT. §§ 4209, 4215, 4302.[1]

Third party defendants argue that the court does not have jurisdiction over the Zarras' claims under Federal Rule of Civil Procedure 14(a). Defendants propose that in any event, all claims of the Zarras under the UCC would be time barred by the applicable statute of limitations.

On June 6, 2011, the court heard oral argument on the pending motion. At that hearing, the court stated it would grant defendants' motion to dismiss the complaint. This memorandum opinion sets forth the reasons for the court's ruling.

## BACKGROUND

On April 16, 2000, the Zarras filed their federal income tax return for the taxable year ending December 31, 1999. (Compl. ¶ 9.) The Zarras remitted a check to the IRS in the amount of $179,501.00 as payment for their tax liability. (Id. ¶ 9, Ex. A.) On or about April 19, 2000, Bank One, N.A., JPMC's predecessor, encoded the check in the amount of $179.50, instead of $179,501.00. (Id. ¶ 11.) On or about April 24, 2000, Bank One presented the erroneously encoded check to Mellon Bank, Citizens' predecessor, and Mellon Bank debited $179.50 from the Zarras' account.

---

[1] It is unclear from the face of the third party complaint which claims the Zarras are asserting against the third party defendants. All claims, however, appear to implicate the Pennsylvania Uniform Commercial Code ("UCC"), regardless whether the Zarras seek contribution, indemnity, or some other form of relief. To the extent the Zarras pled common law negligence claims based upon the UCC, those claims are improper as discussed *infra*.

2

(Id. ¶ 12.) On April 24, 2000, Mellon Bank settled the check for $179.50 and Bank One received settlement of the check in that amount. (Id. ¶ 13.)

## STANDARD OF REVIEW

A motion to dismiss tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. Twombly, 550 U.S. at 555.

A court considering a motion to dismiss may begin by identifying allegations that are mere conclusions and not entitled to the assumption of truth. "While legal conclusions can provide the framework of the complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

If a complaint does not comply with the rules of civil procedure, courts are to notify plaintiffs that they have leave to amend their complaints unless the amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293

F.3d 103, 108 (3d Cir. 2002) (reversing district court for failing to grant plaintiff right to amend when the district court did not specifically find that granting leave to amend would be inequitable or futile). Allowing for amendment is consistent with Rule 15(a) of the Federal Rules of Civil Procedure, which provides "leave [to amend] shall be freely given when justice so requires." A court, however, may decide to deny leave to amend for reasons such as undue delay, bad faith, dilatory motive, prejudice, and futility. In re Burlington Coat Factory Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). The standard of legal sufficiency set forth in Federal Rule of Civil Procedure 12(b)(6) determines whether a proposed amendment would be futile. Id. at 1434. An amendment is futile where the complaint, as amended, would fail to state a claim upon which relief could be granted. Id.; see Cowell v. Palmer Twp., 263 F.3d 286, 296 (3d Cir. 2001) (noting that failure to overcome the time bar of a statute of limitations renders a proposed amendment futile).

### DISCUSSION

#### I. UCC - Statute of limitations

As a threshold matter, third party defendants assert all claims raised by the Zarras under the UCC are barred by the applicable statute of limitations, which provides that "[a]n action to enforce an obligation, duty or right arising under this division must be commenced within three years after the cause of action accrues." 13 PA. CONS. STAT. § 4111. "[T]he 'discovery rule' is not applicable to toll the statute

of limitations for claims brought under the [U]CC" in Pennsylvania.[2]  Bucci v. Wachovia Bank, N.A., 591 F. Supp. 2d 773, 786 (E.D. Pa. 2008); see Menichini v. Grant, 995 F.2d 1224, 1231 (3d Cir. 1993) (refusing to apply the discovery rule exception to a cause of action for conversion of negotiable instruments under Pennsylvania's UCC).  "Where a party not engaging in fraudulent concealment asserts the statute of limitations defense, most courts have refused to apply the discovery rule to negotiable instruments, finding it inimical to UCC policies of finality and negotiability."  Menichini, 995 F.2d at 1229-30.

Under section 4111 of the UCC, the cause of action accrues "'when the instrument is negotiated, regardless of the plaintiff's ignorance . . . .'"  Hollywood v. First Nat'l Bank of Palmerton, 859 A.2d 472, 482 (Pa. Super. Ct. 2004) (quoting Pero's Steak & Spaghetti House v. Lee, 90 S.W.3d 614, 623 (Tenn. 2002)); accord Psak, Graziano, Piasecki & Whitelaw v. Fleet Nat'l Bank, 915 A.2d 42, 45, 47 (N.J. Super. Ct. App. Div. 2007) (noting that actions involving negotiable instruments accrue at the time the check is negotiated, i.e., at the time the amount is debited from the maker's account, the New Jersey state court refused to apply the discovery rule to the three-year statute of limitations under section 4-111 of the UCC).

Here, the check was negotiated and the funds debited from the Zarras' account in April 2000, and the instant third party complaint was filed well beyond the three-year limitations period.  Even if the court were to apply the discovery rule

---

[2] "The 'discovery rule' provides for equitable tolling of a statute of limitations in cases where a plaintiff, despite the exercise of due diligence, is unable to know of the existence of the injury and its cause."  Bucci v. Wachovia Bank, N.A., 591 F. Supp. 2d 773, 786 n.10 (E.D. Pa. 2008) (citing Bohus v. Beloff, 950 F.2d 919, 924 (3d Cir. 1991)).

5

exception to this case, it would be not change the outcome. The Zarras *admitted* they "became aware of the [insufficient payment] when they received their monthly bank statement in May 2000." Zarra v. United States, 254 F. App'x 931, 933 (3d Cir. 2007). To the extent the Zarras had UCC claims, they are time barred by the three-year statute of limitations under section 4111.

## *II. Contribution and indemnity claims based upon negligence*

### *A. Rule 14(a)*

The Zarras' third party complaint raised claims for contribution and indemnification against third party defendants based upon negligence under the UCC.[3] To the extent the claims are not time barred, the Zarras' attempt to implead third party defendants was improper under Federal Rule of Civil Procedure 14(a), and the claims in the third party complaint will be dismissed on that basis.

Rule 14(a) provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or

---

[3] While these claims for contribution and indemnity purport to be based on negligence, the claims are problematic because the underpinnings of the negligence appear to be for violations of the UCC. Courts addressing claims pursuant to Article 4 of Pennsylvania's UCC (and companion provisions in other state jurisdictions) in the context of negligence have suggested that separate claims cannot exist for a negligent violation of those provisions. See, e.g., Hospicomm, Inc. v. Fleet Bank, N.A., 338 F. Supp 2d 578, 584 (E.D. Pa. 2004) ("Pennsylvania common law [] supports the proposition that the duties a bank owes to its customers are created through contract rather than tort."); NBT Bank v. First Nat'l Cmty. Bank, 287 F. Supp. 2d 564, 569, 571 (M.D. Pa. 2003) (the plaintiff's cause of action against a bank pursuant to 13 PA. CONS. STAT. § 4302 was based upon a breach of a statutory duty which imposed strict liability on the bank); Los Angeles Nat'l Bank v. Bank of Canton of Cal., 37 Cal. Rptr. 2d 389, 396 (Cal. Ct. App. 1995) (noting section 4302 imposes strict liability); Chicago Title Ins. Co. v. Cal. Canadian Bank, 2 Cal. Rptr. 2d 422, 426 (Cal. Ct. App. 1991) (holding that "section 4302 creates a liability independent of negligence"); SOS Oil Corp. v. Norstar Bank of Long Island, 548 N.Y.S.2d 308, 310-11 (N.Y. App. Div. 1989) (in a lawsuit against a bank for erroneously encoding a check, the court reasoned that section 4302 imposes strict liability, clearly intending "to create a statutory liability independent of general common-law and equitable defenses"); see also Duquesne Light Co. v. Pennsylvania Am. Water Co., 850 A.2d 701, 704 (Pa. Super. Ct. 2004) ("Pennsylvania does not allow recovery for solely economic losses sustained as a result of another's negligence.").

part of the claim against it." FED. R. CIV. P. 14(a)(1). Importantly, "[a] third-party claim may be asserted under Rule 14(a)(1) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defending party." 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE, § 1446 (3d ed. 2010). "If the [defending party's] claim is separate or independent from the main action, impleader will be denied." Id.; see United States v. Olavarrieta, 812 F.2d 640, 643 (11th Cir. 1987) (student's breach of contract and fraud claims against a university's board of regents for failing to award him a J.D. degree were separate and independent from the government's suit against the student to recover the unpaid balance and interest on his student loans). Even if a third party claim arises out of the same general set of facts as the main claim, impleader is improper if the defending party's claim is separate and independent from the original claim. Olavarrieta, 812 F.2d at 643.

In F.D.I.C. v. Bathgate, 27 F.3d 850 (3d Cir. 1994), the Federal Deposit Insurance Corporation brought an action against a borrower and other defendants ("Bathgate defendants") concerning the borrower's defaulting on a note. Id. at 857. Pursuant to Rule 14(a), the Bathgate defendants sought to implead third party directors and officers of the bank that loaned the funds. The court of appeals held that the Bathgate defendants' pleading did not constitute a third party complaint under Rule 14(a) because "the Bank directors' liability [wa]s not derivative of the

7

Bathgate defendants' liability on the notes for which the FDIC [wa]s seeking payment." Id. at 873 (citing with approval WRIGHT MILLER & KANE § 1446).

Relying upon the sound reasoning in the Bathgate decision, the district court in United States v. Sensient Colors, Inc., 649 F. Supp. 2d 309 (D.N.J. 2009), concluded that the defending party's attempt to join third party defendants was improper. The defending party in Sensient sought to join third parties for knowingly violating its due process rights. Id. at 337 n.19. The district court noted, however, that "[t]he essence of this case is a cost recovery action brought by the Government pursuant to [the Comprehensive Environmental Response, Compensation, and Liability Act of 1980]." Id. at 338. Specifically, the government brought suit against the defendant for contaminating the General Color Site in Camden, New Jersey. Id. at 313. The court concluded, like in Bathgate, that because the putative third party defendants had no derivative liability on the government's claim, third party impleader was improper under Rule 14(a). See id. at 338.[4]

The original claim by the government in this case is to recover for a tax liability under the tax code – it did not assert a claim for common law negligence or claims under the UCC.[5] The Zarras confuse two theories of liability in an attempt

---

[4] The third party defendants in Sensient were Environmental Protection Agency officers. Sensient, 649 F. Supp. 2d at 337 n.19. The district court, observing the "unique" circumstances of the case, acknowledged that "a contrary ruling would imply that the Government somehow shares in the liability stemming from the contamination at the General Color Site." Id. at 338.

[5] In Pennsylvania, a plaintiff asserts a claim for negligence by demonstrating "'(1) a duty or standard of care; (2) a breach thereof; (3) proximate causation; and (4) actual damages.'" Hospicomm, 338 F.

8

to demonstrate that they acted as joint tortfeasors with defendants by negligently writing and underencoding the check, and that somehow those negligent acts combined to form the basis of their liability to the government for the unpaid taxes.[6] That reasoning is fundamentally flawed because it rests upon an assumption that the Zarras' tax liability to the government sounds in tort – it does not. (See Am. Compl. (ECF No. 7) at 1 ("This civil action is commenced . . . pursuant to 26 U.S.C. §§ 7401 and 7403.")); see also 26 U.S.C. § 7403(a) ("In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General . . . at the request of the Secretary, may direct a civil action to be filed . . . to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability.").

Because the government's claim against the Zarras' seeks to "reduce to judgment the assessments made against [them] . . . for unpaid federal income

---

Supp. 2d at 581 (quoting Carlotti v. Emps. of Gen. Elec. Fed. Credit Union No. 1161, 717 A.2d 564, 567 (1998)).

[6] A claim for contribution based upon negligence is only proper when it arises between joint tortfeasors. National R.R. Passenger Corp. v. URS Corp., 528 F. Supp. 2d 525, 531 (E.D. Pa. 2007). Pennsylvania's Uniform Contribution Among Tortfeasors Act ("UCATA"), 42 PA. CONS. STAT. § 8322, defines joint tortfeasors as "two or more persons jointly or severally liable *in tort* for the same injury to persons or property, whether or not judgment has been recovered against all or some of them." 42 PA. CONS. STAT. § 8322 (emphasis added). Conversely, indemnification "'shifts the entire loss from one party to another.'" URS Corp., 528 F. Supp. 2d at 532 (quoting Richardson v. John F. Kennedy Mem'l Hosp., 838 F. Supp. 979, 989 (E.D. Pa. 1993)). In Pennsylvania, "'indemnity is available only under the following circumstances: (1) where primary versus secondary or vicarious liability is present or (2) where there is an express contract to indemnify." Id. Tellingly, "'[s]econdary liability exists, for example, where there is a relation of employer and employee, or principle and agent.'" Id. (quoting Builders Supply Co. v. McCabe, 77 A.2d 368, 370 (Pa. 1951)).

taxes," (Am. Compl. at 1), that claim is separate and independent from a claim based upon negligent check encoding – to the extent such a claim can exist – under the UCC. The Zarras' claim against third party defendants is not determinative of the government's claim against them. Third party defendants do not have secondary liability on these facts and there is no express contract for indemnity. The Zarras' pleading failed to satisfy Rule 14(a), and the third party complaint must be dismissed with prejudice on that basis.

## CONCLUSION

The defendants' motion to dismiss the third party complaint will be granted with prejudice because (1) any claim arising under the UCC is time barred; and (2) impleader was improper under Rule 14(a). An appropriate order shall follow.

Date: August 22, 2011

By the court:

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge